UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CODEMASTERS GROUP HOLDINGS LIMITED,<br><br>          Plaintiff,<br><br>  v.<br><br>SOUTHPEAK INTERACTIVE CORPORATION,<br><br>          Defendant. | Civil Action No. 3:11–CV–641 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment ("Motion"). (ECF No. 4.) For the reasons stated below, the Court GRANTS Plaintiff's Motion.

**I. BACKGROUND**

This case involves the recognition of a foreign judgment which stems from a breach of a settlement agreement. Plaintiff, Codemasters Group Holdings Limited ("Codemasters"), is incorporated in the United Kingdom and has its principal place of business in Warwickshire, England. (Compl. ¶ 1, ECF No. 1.) Codemasters is a developer and publisher of computer and video games. (Compl. ¶ 5.) Defendant SouthPeak Interactive Corporation ("SouthPeak") is a Delaware corporation with its principal pace of business in Midlothian, Virginia. (Compl. ¶ 2; Answer ¶ 2, ECF No. 3.)

1

Sometime before 2007, Plaintiff Codemasters and Defendant SouthPeak entered into a video game distribution agreement.[1] (Compl. ¶ 6.) Under the agreement, Codemasters would ship certain video games to SouthPeak for distribution in the United States. (Compl. ¶ 6.) Codemasters states that it issued invoices for the video game products it shipped to SouthPeak, but SouthPeak failed to pay for the periods June 2008 through April 2009. (Compl. ¶ 7-8.)

On November 27, 2009, Codemasters and SouthPeak entered into a settlement agreement regarding the outstanding balance SouthPeak owed Codemasters ("Settlement Agreement"). (Compl. ¶ 9, Ex. A.) Under the Settlement Agreement, SouthPeak agreed to pay to Codemasters $2,000,000.00. Codemasters contends that SouthPeak failed to make all payments and breached the Settlement Agreement, leaving an outstanding balance of $1,265,000.00, plus interest and late fees. (Compl. ¶ 10-11.)

In January 2011, Codemasters filed an action in this Court against SouthPeak to recover the balance unpaid under the Settlement Agreement ("Initial Lawsuit"). (Compl. ¶ 12; Answer ¶ 12; Compl., *Codemasters Grp. Holdings Ltd. v. SouthPeak Interactive Corp.*, No. 3:11-CV-068 (E.D. Va. Jan. 26, 2011).) In March 2011, SouthPeak filed a Rule (12)(b)(3) motion to dismiss the Initial Lawsuit for improper venue. (Compl. ¶ 13; Answer ¶ 13; Mot. Dismiss Pl.'s Amended Compl., *Codemasters Grp. Holdings Ltd. v. SouthPeak Interactive Corp.*, No. 3:11-CV-068 (E.D. Va. Mar. 25, 2011) ("SouthPeak's Mot. Dismiss Initial

---

[1] SouthPeak denies the existence of an agreement. (Answer ¶ 6.) Also, the Particulars of Claim filed by Codemasters in the Queen's Bench Division of the High Court of Justice, England, however, states: "[Codemasters and SouthPeak] have engaged in a business relationship for a number of years beginning mid 2005. They did so without having any formal written contracts in place and without any agreed dispute resolution process." (Pl.'s Mem. Supp. Mot. Summ. J. ("Pl.'s Br.") Ex. C ("Particulars of Claim"), ¶ 3.) Although a formal contract was not entered into, it is clear from the record that the parties had a mutual understanding of the terms of their relationship.

2

Lawsuit").) SouthPeak's motion was based on a choice of law and forum selection clause in the Settlement Agreement which states:

> This Agreement shall be governed by, and construed in accordance with, English law. Any dispute arising out of or in connection with, or concerning the carrying into effect of, this Agreement shall be subject to the exclusive jurisdiction of the High Court of England, and the parties hereby submit to the exclusive jurisdiction of that court for these purposes.

(Compl. ¶ 13, Ex. A ¶ 12; Answer ¶ 13.) SouthPeak argued that this language was "unambiguous," "mandatory, reasonable and enforceable against Codemasters." (SouthPeak's Mot. Dismiss Initial Lawsuit ¶ 4.) In response, Codemasters filed a notice of voluntary dismissal and this Court dismissed the Initial Lawsuit without prejudice. (Order Dismissing Pl.'s Compl. Without Prejudice, *Codemasters Grp. Holdings Ltd. v. SouthPeak Interactive Corp.*, No. 3:11-CV-068 (E.D. Va. Apr. 11, 2011).)

On May 17, 2011, Codemasters brought another action in the Queen's Bench Division of the High Court of Justice, England, ("U.K. court") against SouthPeak to recover for the breach of the Settlement Agreement ("U.K. Action"). (Pl.'s Mem. Supp. Mot. Summ. J. ("Pl.'s Br.") 2, Ex. B ("Eyre Aff.") ¶¶ 8-20, ECF No. 5.) Codemasters, pursuant to an order by the U.K. court, obtained permission to serve SouthPeak outside the jurisdiction of the U.K. court. (Eyre Aff. ¶¶ 9-10.) On June 2, 2011, Codemasters hired a private-process server, who served the notice of the U.K. Action on Katherine Rowe, assistant to SouthPeak's Chairman, Mr. Terry Phillips. (Compl. ¶ 18; Eyre Aff. ¶¶ 11-12.) On June 3, 2011, Codemasters' counsel sent a letter to Mr. Phillips further notifying SouthPeak of the pendency of the U.K. Action and the twenty-two day response period required under the English Civil Procedure Rules. (Pl.'s Br. 3; Eyre Aff. ¶ 12.) SouthPeak failed to respond

3

within the twenty-two day period. (Compl. 18; Def.'s Br. Opp'n Mot. Summ. J. ("Def.'s Br.") 2, ECF No. 6.)[2]

On July 5, 2011, the U.K. court ordered a default judgment against SouthPeak and in favor of Codemasters in the amount of U.K. Pounds Sterling £817,937.67, representing the £781,587.89 principal sum due under the Settlement Agreement, plus interest, and £1,877.00 costs ("Foreign Judgment"). (Compl. 18; Eyre Aff. ¶ 13-14.)[3] On July 8, 2011, Codemasters sent a copy of the Foreign Judgment via Federal Express and email. (Compl. 18; Eyre Aff. ¶ 15.) SouthPeak had twenty-one days from the order of the default judgment to apply to set aside or appeal the Foreign Judgment. (Eyre Aff. ¶ 18.) SouthPeak did not appeal the judgment and the appeal period expired on July 26, 2011.

On September 27, 2011, Codemasters filed this present action. In its Complaint, Codemasters asks the Court to recognize the Foreign Judgment obtained in the U.K. Action. Defendant filed an Answer, raising three affirmative defenses: (1) that the U.K. court lacked personal jurisdiction due to improper service, or lack of proper service or notice of foreign proceedings in sufficient time to enable SouthPeak to defend; (2) Codemasters' failed to mitigate its damages; and (3) Codemasters materially breached the Settlement Agreement excusing SouthPeak's performance.[4] (Answer 5).

Presently before the Court is Codemasters' Motion for Summary Judgment filed on November 1, 2011.

---

[2] Although SouthPeak acknowledges that it did not make an appearance or file any pleadings in the U.K. Action, SouthPeak contends that the twenty-two day deadline to respond did not begin to run because SouthPeak was not properly served. (Def.'s Br. 2.)

[3] As required by the U.K. court, the $1,265,000 principal amount owed was converted into UK Pounds Sterling. (Eyre Aff. ¶ 10.)

[4] Because this Court finds that jurisdiction was proper in the U.K. court, defenses on the merits of the U.K. Action are barred. Accordingly, this Court does not consider SouthPeak's affirmative defenses of Codemasters' alleged material breach or failure to mitigate damages.

## II. LEGAL STANDARD

A motion for summary judgment lies only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). All "factual disputes and any competing, rational inferences [are resolved] in the light most favorable to the party opposing that motion." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotation marks and citations omitted). In making its decision, a court must look to the affidavits or other specific facts pled to determine whether a triable issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1996). Where there is no genuine dispute as to any material fact, it is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotation marks omitted). "Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates the other party should win as a matter of law." *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 308 (4th Cir. 2006). Summary judgment should not be granted, however, if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 258.

## III. DISCUSSION

In cases arising under diversity jurisdiction, the law of the forum state in which a federal district court sits applies. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007). This Court has diversity jurisdiction over this breach of contract action because there is complete diversity between U.K.-based Plaintiff Codemasters and Delaware-based Defendant SouthPeak, and the

amount in controversy is over $75,000. Thus, the Court must apply the law of the Commonwealth of Virginia to determine the enforceability of the foreign judgment. *Jaffe v. Accredited Sur. & Cas. Co.*, 294 F.3d 584, 593 (4th Cir. 2002).

Virginia has adopted the Uniform Foreign Country Money-Judgments Recognition Act. *See* Va. Code Ann. § 8.01-465.6 *et seq.* (the "Act"). Under the Act, a foreign country money judgment is "enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit." Va. Code Ann. § 8.01-465.9 (2011). "As a condition to enforcement, however, a court must first establish that the foreign country money judgment should be recognized." *Jaffe v. Accredited Sur. & Cas. Co.*, 294 F.3d 584, 593 (4th Cir. 2002) (citation omitted). In Virginia, a foreign country money judgment that is "final and conclusive and enforceable where rendered" is entitled to recognition. Va. Code Ann. § 8.01-465.8.

A foreign country money judgment is final if it declares the rights and responsibilities between the parties and terminates the dispute. The finality of a foreign country money judgment is not affected even if an appeal is pending or the foreign judgment is subject to appeal. Va. Code Ann. § 8.01-465.8.

A foreign country money judgment is "conclusive between the parties to the extent it grants or denies recovery of a sum of money." Va. Code Ann. § 8.01-465.8. However, a foreign country money judgment is not conclusive if the rendering foreign court: (1) lacked subject matter jurisdiction; (2) personal jurisdiction; or (3) does not provide impartial procedures or tribunals. Va. Code Ann. § 8.01-465.10 (A).

Further, a foreign country money judgment need not be recognized if: (1) the defendant in the foreign proceeding did not receive notice of the proceeding in sufficient

6

time to enable him to defend; (2) fraud negates the impartiality of the proceeding; (3) the judgment is "repugnant" to Virginia's public policy; (4) the judgment is in conflict with another "final and conclusive" judgment; (5) the judgment was obtained contrary to an agreement between the parties to settle disputes outside court; or (6) the jurisdiction of the foreign court was based on personal service and the foreign court was a "seriously inconvenient" forum. Va. Code Ann. § 8.01-465.10 (2011).

Two issues raised in this case are whether: (1) the U.K. court had personal jurisdiction over SouthPeak; and (2) SouthPeak received notice of the U.K. Action in sufficient time to enable it to defend.

## A.  Personal Jurisdiction

SouthPeak argues that without proper service of process, the U.K. court lacked personal jurisdiction over SouthPeak. The Court disagrees and finds that Codemasters sustained its burden of proving that the U.K. court had personal jurisdiction over SouthPeak. The Act provides: "The foreign country money judgment shall not be refused recognition for lack of personal jurisdiction if . . . [t]he defendant, prior to the commencement of the proceedings, had agreed to submit to the jurisdiction of the foreign court with respect to the subject matter involved." Va. Code Ann. § 8.01-465.11. The Settlement Agreement contained a forum selection clause designating the U.K court as the forum for resolution of the parties' dispute. The Settlement Agreement establishes the acquiescence of SouthPeak to the jurisdiction of the U.K. court.[5] Thus, because prior to the commencement of the U.K. Action, SouthPeak "agreed to submit to the jurisdiction of the [U.K. Court]," the U.K. court had personal jurisdiction over SouthPeak.

---

[5] In fact, it was on account of SouthPeak's insistence that Codemasters dismissed the Initial Lawsuit in this Court and filed the U.K. Action.

**B.     Notice**

Under the Act, "[a] foreign country money judgment need not be recognized if . . . [t]he defendant in the proceedings in the foreign court did not receive notice of the proceedings in sufficient time to enable him to defend." Va. Code Ann. § 8.01-465.10 (B)(1). SouthPeak argues that "notice of the proceedings" means proper service of process, that is, SouthPeak argues that in order for a court apply Virginia law to recognize the foreign judgment, the defendant in the foreign proceeding must have been properly served with process.

The Court is not persuaded. SouthPeak reads into the Act a requirement that simply does not exist. The clear language of the Act states that "notice" of the foreign proceedings is required, and in this case, SouthPeak undeniably had notice of the U.K. Action. SouthPeak received the first notice on June 2, 2011, when Codemasters' hired private-process server served notice of the U.K. Action on Katherine Rowe, assistant to SouthPeak's Chairman. On June 3, 2011, SouthPeak received the second notice through a letter sent by Codemasters' counsel to SouthPeak. Also, on July 8, 2011, after the U.K. court granted Codemasters a default judgment, SouthPeak received the third notice through the Federal Express letter and email sent by Codemasters. The U.K. court was satisfied that SouthPeak had proper notice of the U.K. Action prior to the U.K.'s court entry of default judgment. The Court finds that SouthPeak was given sufficient notice of the U.K. Action for it to appear and defend the case.

### IV.   CONCLUSION

The U.K. court had personal jurisdiction over SouthPeak and SouthPeak received notice of the U.K. Action in sufficient time for SouthPeak to defend. Hence, before this Court

is a judgment that is "final and conclusive and enforceable where rendered." Therefore, the Court GRANTS Codemasters' Motion for Summary Judgment and recognizes the Foreign Judgment.

    Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

    An appropriate order shall issue.

> _____/s/_____
> James R. Spencer
> United States District Judge

ENTERED this ___8th___ day of December 2011.